# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS K. SHU,
    Appellant,

   v.

DEPARTMENT OF THE TREASURY,
    Agency.

DOCKET NUMBER
NY-0752-10-0190-I-4

DATE: June 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas K. Shu</u>, New York, New York, pro se.

<u>Alison K. Sablick</u>, Esquire, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was formerly employed by the agency as an Internal Revenue Agent in the Tax Exempt and Government Entities Division of the Internal Revenue Service. *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-1, Initial Appeal File (I-1 IAF), Tab 5, Subtab 4(b). Effective April 16, 2010, the agency removed him, pursuant to chapter 75 of Title 5, for unacceptable performance based on 22 specifications. *Id.*, Subtabs 4(c), (f).

¶3      The appellant's job performance was evaluated based on his performance in five critical job elements (CJE), which included: (1) Employee Satisfaction-Employee Contribution; (2) Customer Satisfaction-Knowledge; (3) Customer Satisfaction-Application; (4) Business Results-Quality; and (5) Business Results-Efficiency. I-1 IAF, Tab 10 at 2. Each CJE contained three performance aspects. *Id.* A rating of unacceptable for a CJE was based on the appellant failing two or more performance aspects within that CJE. *Id.* Specifications 1-7 in the agency's proposal notice set forth examples of the appellant's unacceptable performance regarding CJE No. 2 (Customer Satisfaction-Knowledge). I-1 IAF, Tab 5, Subtab 4(f) at 1-6. Specifications 8-13 set forth examples of the appellant's unacceptable performance regarding CJE

No. 3 (Customer Satisfaction-Application). *Id.* at 6-9. Specifications 14-16 set forth examples of the appellant's unacceptable performance regarding CJE No. 4 (Business Results-Quality). *Id.* at 9-11. Specifications 17-22 set forth examples of the appellant's unacceptable performance in CJE No. 5 (Business Results-Efficiency). *Id.* at 11-14.

¶4 After holding a hearing, the administrative judge issued an initial decision, affirming the appellant's removal. *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-4, Appeal File, Tab 7, Initial Decision (ID). He found that the agency proved by preponderant evidence that the appellant's performance was unacceptable in CJE No. 3, Customer Satisfaction-Application based on the appellant's failure to meet performance aspects 3B and 3C. ID at 43-44. The administrative judge sustained specifications 8-10, which established that the appellant's performance was deficient in performance aspect 3B (Customer Relations) because he failed to provide information to customers that was complete, understandable, and presented in a logical manner, and his supervisor received complaints from taxpayers that he made strange and confusing statements, and treated them in a disrespectful and unprofessional manner. ID at 24-27.

¶5 The administrative judge also sustained specifications 12-13,[2] which established that the appellant's performance was deficient in performance aspect 3C (Written Communication) because he failed to prepare written work that was sufficiently detailed, easy to follow, and clearly reflected tasks taken when he cited to a revenue ruling that did not appear applicable to the taxpayer without providing any explanation and failed to include a description of his work activities in the case chronology record, despite charging time to a case. ID at 29-32.

---

[2] The administrative judge sustained specification 13 in part, finding that the agency's charge that a fax was missing from one of the appellant's case files did not evidence a failure to meet any of the standards outlined in performance aspect 3C. ID at 31-32.

¶6 The administrative judge found that the agency's standards provided for an accurate and reasonable measurement of the appellant's performance. ID at 26, 31. The administrative judge further found that the penalty of removal was reasonable and promoted the efficiency of the service. ID at 44, 47-50. Finally, he found that the appellant failed to prove his affirmative defense of denial of reasonable accommodation because the record reflected that the agency granted the appellant's requests for accommodation and, in any event, the appellant failed to show that any of the sustained instances of unacceptable performance were a direct result of his disabilities. ID at 44-47.

¶7 The appellant has filed a petition for review. *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-4, Petition for Review (I-4 PFR) File, Tab 1. The agency has opposed the appellant's petition. I-4 PFR File, Tab 3. The appellant has filed a reply. I-4 PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 A petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). Under the Board's regulations, a petition for review must identify specific evidence in the record demonstrating any alleged erroneous findings of material fact and explain why the challenged factual determinations are incorrect. 5 C.F.R. § 1201.115(a).

¶9 Although the appellant was represented below, I-1 IAF, Tab 1, he has filed his petition for review pro se. Pro se filings are to be construed liberally. *Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 9 (2011). However, even with a liberal reading of the appellant's petition for review, we are unable to discern any specific challenges to the administrative judge's findings concerning the agency's proof of its charge of unacceptable performance or the appellant's failure to prove his affirmative defense. Accordingly, we will not undertake a

full review of the record. *See, e.g.*, *Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines*, 56 M.S.P.R. at 92.

¶10    However, we will address the appellant's arguments concerning procedural and adjudicatory error. First, the appellant contests the overall length of the case. I-4 PFR File, Tab 1 at 3, 5, 24. He contends that the administrative judge improperly determined that he was not competent to prosecute his case and opened and closed the case to intimidate him. *Id.* at 2, 4, 9, 17, 23. Such arguments are unavailing. The record reflects that the appeal was dismissed without prejudice on two occasions based on concerns raised by the appellant's counsel concerning the appellant's mental condition.[3] I-1 IAF, Tabs 27, 29; *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-2, Appeal File, Tabs 4-5. An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010). We find that the appellant's assertions on review fail to demonstrate that the administrative judge abused that considerable discretion. Rather, the record supports the administrative judge's reasons for dismissing the appeal without prejudice.[4]

---

[3] Although the appellant contends that his attorney did not inform the administrative judge of concerns regarding the appellant's competency, I-4 PFR File, Tab 1 at 2, 17, 23, the record includes correspondence from the appellant's attorney indicating as much, I-1 IAF, Tab 27.

[4] The appeal also was previously dismissed without prejudice on June 16, 2016, because the parties agreed to engage in settlement discussions after it was discovered that a portion of testimony had been lost due to technical difficulties and would potentially need to be retaken. *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-3, Appeal File, Tab 27. On petition for review, the Board found that the administrative judge did not abuse his discretion in dismissing the appeal without prejudice. *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-3, Final Order, ¶¶ 2, 4 (Sept. 15, 2016).

¶11        Next, the appellant contends that the judicial process was "nothing but acting for the defendants." I-4 PFR File, Tab 1 at 26. He also contends that the administrative judge was the alter ego of his former supervisor, among others, and acted to shield her. *Id.* at 5, 13-14, 23-25. To the extent the appellant is arguing that the administrative judge was biased against him, we find that his bare assertions do not establish a deep-seated antagonism toward him that would make fair judgment impossible and do not overcome the presumption of honesty and integrity accorded to administrative judges. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant also contends that the administrative judge's efforts to encourage settlement were improper and protests that the proposed settlement amount remained unchanged over the course of 6 years. I-4 PFR File, Tab 1 at 24, 26-27. However, there is nothing improper in an administrative judge encouraging the parties to enter into a settlement agreement. *See Bell v. Department of the Army*, 78 M.S.P.R. 685, ¶ 6 (1998); *Busen v. Office of Personnel Management*, 49 M.S.P.R. 37, 42-43 (1991).

¶12        Finally, we reject the appellant's contentions on review that he was denied a hearing and/or certain witnesses. Regarding the appellant's apparent contention that he was denied a hearing, I-4 PFR File, Tab 1 at 16, 26, the record reflects that testimony was heard on January 6, 2011, and April 17, 2014. I-1 IAF, Tab 29; *Shu v. Department of the Treasury*, MSPB Docket No. NY-0752-10-0190-I-3, Appeal File, Tab 15. The appellant appears to argue that the administrative judge denied his request to call two of his requested witnesses. I-4 PFR File, Tab 1 at 10, 12, 25. However, the record reflects that one of those witnesses, who is a doctor, testified at the hearing and the administrative judge considered this doctor's testimony in making his findings. ID at 46. Further, the appellant has not identified, and we are unable to locate in the record, any request to call the other individual as a witness. Finally, we reject the appellant's contention that the initial decision, which contains 55 pages of detailed analysis,

is incomplete and fails to adequately set forth the reasoning behind the administrative judge's conclusions.  I-4 PFR File, Tab 1 at 27, 30.

¶13     Accordingly, we conclude that the appellant's arguments do not provide a basis for disturbing the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.